**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 10/9/17 3:40 PM |
|---|---|

| Cause Number: | 348-294223-17 | | Date Filed: 08-29-2017 |
|---|---|---|---|

5857 PARK VISTA, LLC | VS | UNITED STATES LIABILITY
INSURANCE COMPANY AND JOEL

Cause of Action:     CONTRACT, CONSUMER/DTPA

Case Status:     PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 08-29-2017 | PLTF'S ORIG PET | N | I | 284.00 | |
| 08-29-2017 | COURT COST (PAID) trans #1 | Y | | | 284.00 |
| 08-29-2017 | CIVIL CASE INFO SHEET | | | | 0.00 |
| 08-29-2017 | JURY FEE | N | | 40.00 | |
| 08-29-2017 | COURT COST (PAID) trans #4 | Y | | | 40.00 |
| 08-29-2017 | CIT Cert Mail-ISSUED ON UNITED STATES LIABILITY INSURANCE COMPAN-On 09/06/2017 | N | Svc | 83.00 | |
| 08-29-2017 | CIT Cert Mail-ISSUED ON JOEL DAHLVIG-On 09/06/2017 | N | Svc | 83.00 | |
| 08-29-2017 | COURT COST (PAID) trans #7 | Y | | | 83.00 |
| 08-29-2017 | COURT COST (PAID) trans #6 | Y | | | 83.00 |
| 08-29-2017 | COPIES (SENT TO DP) | N | | 23.00 | |
| 08-29-2017 | COURT COST (PAID) trans #10 | Y | | | 23.00 |
| 09-20-2017 | CIT Cert Mail Tr# 6 RET EXEC(UNITED STATES LIABILI TY INSURANCE COMPANY) On 09/13/2017 | I | | | 0.00 |
| 09-20-2017 | CIT Cert Mail Tr# 7 RET EXEC(JOEL DAHLVIG) On 09/1 1/2017 | I | | | 0.00 |
| 10-02-2017 | DEFN JOEL DAHLVIG'S ORIG ANS TO PLTFS ORIG PET | I | | | 0.00 |
| 10-09-2017 | * ANS/RESP/CONTEST | I | | | 0.00 |

EXHIBIT 2

FILED
TARRANT COUNTY
8/29/2017 10:19 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. **348-294223-17**

| | | |
|---|---|---|
| 5857 PARK VISTA, LLC | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| UNITED STATES LIABILITY INSURANCE | § | |
| COMPANY and JOEL DAHLVIG | § | TARRANT COUNTY, TEXAS |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**5857 PARK VISTA, LLC**, Plaintiff herein, files this Original Petition against Defendants

UNITED STATES LIABILITY INSURANCE COMPANY ("U.S. LIABILITY") and JOEL

DAHLVIG ("DAHLVIG") and, in support of Plaintiff's causes of action, would respectfully show

the Court the following:

### I. THE PARTIES

1.      Plaintiff is a Texas resident who resides and conducts business in TARRANT

County, Texas.  Said property is located at: 5751 Kroger Drive, #293, Keller, Texas 76244.

2.      **UNITED STATES LIABILITY INSURANCE COMPANY** is a foreign

corporation, authorized to engage in the insurance business in the State of Texas, and who issued a

policy of insurance to Plaintiff named above.  The Defendant may be served by serving its registered

agent: Lisa Mann, Bingham Mann & House, 4500 Yoakum Blvd., Houston, Texas 77006. **Service**

**is requested by certified mail, return receipt requested at this time.**

3.      Defendant, **JOEL DAHLVIG**, is a licensed insurance adjuster residing in the State

1

EXHIBIT 2

of Texas, and may be served with process of service by certified mail, return receipt requested, at:

C/O JOEL DAHLVIG, 4004 Belt Line Rd., Suite 205, Addison, Texas 75001-4394.

## II. DISCOVERY

4.      This case is intended to be governed by Discovery Level 2.

## III. CLAIM FOR RELIEF

5.      As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.  A jury, however, will ultimately determine the amount of monetary relief actually awarded.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## IV. JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Venue is proper in TARRANT County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V. FACTUAL BACKGROUND

8.      Plaintiff is a named insured under a commercial property insurance policy

EXHIBIT 2

issued  by UNITED STATES LIABILITY INSURANCE COMPANY..

9.      On  or  about  MARCH  23,  2016,  a  storm  hit  the  TARRANT  County  area, damaging Plaintiff's commercial property.   Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.      Defendants improperly denied the claim.  Defendants did this by undervaluing the hail/wind damage that was evident on the property.

11.      JOEL  DAHLVIG  was  assigned  as  an  individual  adjuster  on  the  claim, conducted  a  substandard  investigation  and  inspection  of  the  property,  prepared  a  report  that failed  to  include  all  of  the  damages  that  he  noted  during  the  inspection,  and  undervalued  the damages he observed during the inspection.

12.      JOEL  DAHLVIG's unreasonable investigation led to the denial of Plaintiff's claim.

13.      Moreover,  U.S. LIABILITY  and  DAHLVIG  performed  an  outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

14.      Plaintiff requested that Defendant U.S. LIABILITY cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property.

## VI. CAUSES OF ACTION

15.      Each of the foregoing paragraphs is incorporated by reference in the following:

I.    **Breach of Contract (UNITED STATES LIABILITY INSURANCE COMPANY Only)**

16.      UNITED  STATES  LIABILITY  INSURANCE  COMPANY  had  a  contract  of

3

EXHIBIT 2

insurance with Plaintiff.  U.S. LIABILITY breached the terms of that contract by wrongfully denying and undervaluing the claim and Plaintiff was damaged thereby.

17.     As a result of DAHLVIG's material misrepresentation, U.S. LIABILITY wrongfully undervalued Plaintiff's claim even though the Plaintiff had a policy to protect the property.  Consequently, U.S. LIABILITY breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

18.     To date, Defendant U.S. LIABILITY continues to delay in the payment for the damages to the Property.  As such, Plaintiffs have not been paid in full for the damages to their Property.

19.     Defendant U.S. LIABILITY failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Defendant U.S. LIABILITY's conduct constitutes a breach of the insurance contract between U.S. LIABILITY and Plaintiff.

## II.     Prompt Payment of Claims Statute (UNITED STATES LIABILITY INSURANCE COMPANY Only)

20.     The failure of U.S. LIABILITY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

21.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18%

EXHIBIT 2

interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

22.     Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms U.S. LIABILITY reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following U.S. LIABILITY's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

23.     Specifically, the damage to Plaintiff's commercial property occurred as a result of a wind/hail storm that occurred on MARCH 23, 2016.  Accordingly, it has been well over sixty (60) days since the date the damage occurred to the Plaintiff's commercial property (in accordance with Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

## III.     Unfair Settlement Practices / Bad Faith (UNITED STATES LIABILITY INSURANCE COMPANY and JOEL DAHLVIG)

### A.     Actionable Conduct of Defendant (UNITED STATES LIABILITY INSURANCE COMPANY.)

24.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

25.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

26.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

5

EXHIBIT 2

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

27.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

28.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

**B.     Actionable Conduct of Defendant (JOEL DAHLVIG)**

29.     Defendant DAHLVIG, as a contractor and/or adjuster assigned by U.S. LIABILITY to assist with adjusting the Claim.  With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas

EXHIBIT 2

Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm. Consequently, Defendant significantly underpaid the claim to the detriment of the insured. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

30.     DAHLVIG's adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiffs receiving nothing from U.S. LIABILITY to cover the losses sustained by Plaintiffs to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for which Plaintiffs were responsible.

31.     Defendant DAHLVIG conducted a substandard and incomplete inspection of Plaintiffs' Property. Plaintiffs' damages were noted in an inaccurate report and/or estimate of Plaintiffs' Storm damages, which failed to include many of the damages noted upon inspection and grossly underestimated and undervalued those damages that were included.

7

EXHIBIT 2

32.     Further, the above-named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages.  These actions on the part of this named adjuster resulted in underpayment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business.  The above-named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision.  The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

33.     As a result of DAHLVIG's material misrepresentation, U.S. LIABILITY wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, U.S. LIABILITY breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

34.     DAHLVIG failed to and/or refused to properly interview the Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition.

## IV.     Breach of Duty of Good Faith and Fair Dealing Against UNITED STATES LIABILITY INSURANCE COMPANY.

35.     Defendant, U.S. LIABILITY, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when U.S. LIABILITY

EXHIBIT 2

knew or should have known liability was reasonably clear.  Defendant, U.S. LIABILITY is therefore liable to Plaintiff.

36.     The mishandling of Plaintiffs' claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages.  To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy and have not been able to fully repair or replace the damage to the insured Property.

## V.     Attorneys' Fees

37.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

38.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

39.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

40.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

EXHIBIT 2

## VIII. DEMAND FOR JURY

41.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. DISCOVERY REQUESTS

42.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

43.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it be justly entitled.

EXHIBIT 2

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Telecopier:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

11

EXHIBIT 2

## PLAINTIFF' FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff(s) in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Marc K. Whyte, WHYTE PLLC, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to WHYTE PLLC. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.    If you claim that any document which is required to be identified or produced by you in any response is privileged:
        1.   Identify the document's title and general subject matter;
        2.   State its date;
        3.   Identify all persons who participated in its preparation;

EXHIBIT 2

4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D.    "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.    "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.    In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.    If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.    "Plaintiff" and "Plaintiff'" includes all Plaintiff, and refers to a single Plaintiff or multiple Plaintiff, if applicable.

I.    "Property" means the property at issue in the lawsuit.

J.    "Lawsuit" means this lawsuit.

EXHIBIT 2

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Facsimile:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

14

EXHIBIT 2

## <u>INTERROGATORIES TO DEFENDANT</u>

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    <u>ANSWER:</u>

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    <u>ANSWER:</u>

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    <u>ANSWER:</u>

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages?  If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    <u>ANSWER:</u>

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information?  If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    <u>ANSWER:</u>

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    <u>ANSWER:</u>

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    <u>ANSWER:</u>

EXHIBIT 2

8.     Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

       ANSWER:

9.     Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

       ANSWER:

10.    To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff' claim, identify those modifications.

       ANSWER:

11.    State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

       ANSWER:

12.    Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

       ANSWER:

13.    To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

       ANSWER:

14.    To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

       ANSWER:

15.    To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

       ANSWER:

16

EXHIBIT 2

## <u>REQUESTS FOR PRODUCTION TO DEFENDANT</u>

1.　The following insurance documents issued for the Property as identified in the Petition:
a.   the policy at issue for the MARCH 23, 2016 as identified in the Petition; and b.   the policy declarations page for the 3 years preceding the storm and any endorsements.

<u>RESPONSE</u>:

2.　Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

<u>RESPONSE</u>:

3.　All documents relating to the condition or damages of the Property or any insurance claim on the Property.

<u>RESPONSE</u>:

4.　All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

<u>RESPONSE</u>:

5.　All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

<u>RESPONSE</u>:

6.　All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

<u>RESPONSE</u>:

7.　All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

<u>RESPONSE</u>:

EXHIBIT 2

8.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

        RESPONSE:


9.      A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

        RESPONSE:

10.     If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

        RESPONSE:


11.     All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

        RESPONSE:

12.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

        RESPONSE:

EXHIBIT 2

13.   All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the MARCH 23, 2016 claimed by Plaintiff(s).

RESPONSE:

14.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff' claim.

RESPONSE:

15.   The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

RESPONSE:

EXHIBIT 2

## FIRST SET OF REQUESTS FOR ADMISSIONS
## TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1.**  Admit you committed statutory bad faith in adjusting
Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**  Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**  Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

EXHIBIT 2

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:      (210) 562-2888
Facsimile:      (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com


By:  _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

21

EXHIBIT 2

<u>PLAINTIFF' REQUESTS FOR DISCLOSURE TO DEFENDANT</u>

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a)    the correct names of the parties to the lawsuits;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual basis of Plaintiff' claims;

(d)    the amount and any method of calculating economic damages;

(e)    the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    for any testifying expert:

    (1)    the expert's name, address and telephone number;

    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;

    (4)    if the expert is retained, employed by or otherwise subject to the control of Plaintiff:

        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

        (B)    the expert's current resume and bibliography;

(g)    any indemnity or insuring agreements;

(h)    any settlement agreements, described in Rule 192.3(g);

(i)    any witness statements, described in Rule 192.3(h);

(j)    all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

<div align="center">I.</div>

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses within fifty (50) days after service of this request.

EXHIBIT 2

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce responsive documents to WHYTE PLLC, 1045 Cheever Blvd, Suite 103, San Antonio, Texas 78217.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Facsimile:      (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

23

EXHIBIT 2

Cause Number 348-294223-17

5857 PARK VISTA, LLC

VS

UNITED STATES LIABILITY
INSURANCE COMPANY AND JOEL

### OFFICER'S RETURN

Received   this   __Citation By Certified Mail__   on   the 7th day of September, 2017 at 9:17 AM ; and  executed  at
__4004 BELT LINE RD STE 205 ADDISON TX 75001 4394__

within the county of _____ State of TX on the 11th day of September, 2017 by  mailing  to
the within named __JOEL DAHLVIG_____ a true copy of this __Citation By Certified Mail_____
together with the accompanying copy of:
__PLAINTIFF'S ORIGINAL PETITION__

Authorized Person/Constable/Sheriff: Thomas A. Wilder
100 N CALHOUN
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By  Deputy

Fees $ 75.00        LISA LETBETTER

(Must be verified if served outside the State of Texas)
State of _____ County of _____
Signed and sworn to by the said _____ before me this _____
to certify which witness my hand and seal of office

(Seal)              _____
                    County of Tarrant, State of Texas

FILED
TARRANT COUNTY
2017 SEP 20  A 11: 54
THOMAS A. WILDER
DISTRICT CLERK

*34829422317000007*

EXHIBIT 2

FILED
TARRANT COUNTY

2017 SEP 20  A 11: 54

THOMAS A. WILDER
DISTRICT CLERK

EXHIBIT 2

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

ORIGINAL

*CITATION*                              *Cause No. 348-294223-17*

5857 PARK VISTA, LLC
VS.
UNITED STATES LIABILITY INSURANCE COMPANY AND JOEL

TO: JOEL DAHLVIG

4004 BELT LINE RD STE 205 ADDISON, TX 75001-4394

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof
before the 348th District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth,
Tarrant County, Texas said PLAINTIFF being

5857 PARK VISTA LLC

Filed in said Court on  August 29th, 2017 Against
UNITED STATES LIABILITY INSURANCE COMPANY, JOEL DAHLVIG

For suit, said suit being numbered 348-294223-17 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

_____

### MARC K WHYTE
**Attorney for 5857 PARK VISTA LLC Phone No. (210)562-2888**
**Address    1045 CHEEVER BLVD STE 103 SAN ANTONIO, TX 78217**

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 6th day of September, 2017.

By Lisa Letbetter
LISA LETBETTER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

**Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402**

_____

## OFFICER'S RETURN *34829422317000007*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

_____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION  having first
endorsed on same the date of delivery.

_____

Deputy/Constable/Sheriff: _____
County of _____ State of _____  By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                      _____
                            County of _____, State of _____

7015  0640  0002  0985  3561                          EXHIBIT 2



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage

$

Total Postage and Fees $ 12.87

Sent To JOEL DAHLVIG
Street and Apt. No. 4004 BELT LINE RD STE 205
City, State, ZIP+4 ADDISON TX 75001-4394

348-294223-17 DP/LL/CM

PS Form 3800

7015 0640 0002 0985 3561

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
 so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
 or on the front if space permits.

1. Article Addressed to:

JOEL DAHLVIG
4004 BELT LINE RD STE 205
ADDISON TX 75001-4394

348-294223-17 DP/LL/CM

9590 9403 0953 5223 1098 99

2. Article Number (Transfer from service label)

7015 0640 0002 0985 3561

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X M Head
☐ Agent
☐ Addressee

B. Received by (Printed Name) M Head
C. Date of Delivery 09.11.17

D. Is delivery address different from item 1? ☐ Yes
 If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053
Domestic Return Receipt

---

2017 SEP 20 A II: 55
THOMAS A. WILDER
TARRANT COUNTY
FILED

---

*CITATION*

Cause No. 348-294223-17

5857 PARK VISTA, LLC

vs.

UNITED STATES LIABILITY
INSURANCE COMPANY AND JOEL

ISSUED

This 6th day of September, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By LISA LETBETTER Deputy

MARC K WHYTE
Attorney for: 5857 PARK VISTA LLC
Phone No. (210)562-2888
ADDRESS: 1045 CHEEVER BLVD STE 103

SAN ANTONIO, TX 78217

*CIVIL LAW*

*348294223170000007*
ORIGINAL

EXHIBIT 2

Cause Number 348-294223-17

5857 PARK VISTA, LLC

VS

UNITED STATES LIABILITY
INSURANCE COMPANY AND JOEL

## OFFICER'S RETURN

Received this __Citation By Certified Mail__ on the 7th day of September, 2017 at 9:17 AM ; and executed at
__B/S REG AGENT-LISA MANN 4500 YOAKUM BLVD HOUSTON TX 77006__

within the county of _____ State of TX on the 13th day of September, 2017 by mailing to
the within named __UNITED STATES LIABILITY INSURANCE COMPAN__ a true copy of this __Citation By Certified Mail__
together with the accompanying copy of:
__PLAINTIFF'S ORIGINAL PETITION__

Authorized Person/Constable/Sheriff: Thomas A. Wilder
100 N CALHOUN
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By  , Deputy
LISA LETBETTER

Fees $ 75.00

(Must be verified if served outside the State of Texas)
State of _____ County of _____
Signed and sworn to by the said _____ before me this _____
to certify which witness my hand and seal of office

(Seal)

_____
County of Tarrant, State of Texas

*34829422317000006*

THOMAS A. WILDER
DISTRICT CLERK
2017 SEP 20 A 11: 54
FILED
TARRANT COUNTY

EXHIBIT 2

FILED
TARRANT COUNTY
2011 SEP 20 A 11:54
THOMAS A. WILDER
DISTRICT CLERK

EXHIBIT 2

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

**ORIGINAL**

*CITATION*                              *Cause No. 348-294223-17*

5857 PARK VISTA, LLC
VS.
UNITED STATES LIABILITY INSURANCE COMPANY AND JOEL

### TO: UNITED STATES LIABILITY INSURANCE COMPANY

B/S REG AGENT-LISA MANN 4500 YOAKUM BLVD HOUSTON, TX 77006-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 348th District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth Tarrant County, Texas said PLAINTIFF being

5857 PARK VISTA LLC

Filed in said Court on  August 29th, 2017 Against
UNITED STATES LIABILITY INSURANCE COMPANY, JOEL DAHLVIG

For suit, said suit being numbered 348-294223-17 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

---

### MARC K WHYTE
Attorney for 5857 PARK VISTA LLC Phone No. (210)562-2888
Address    1045 CHEEVER BLVD STE 103 SAN ANTONIO, TX 78217

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this 6th day of September 2017

By_____
LISA LETBETTER                                    Deputy

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
### Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

---

## OFFICER'S RETURN *34829422317000006*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION  having first
endorsed on same the date of delivery.

_____

Deputy/Constable/Sheriff: _____

County of _____ State of _____    By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                          _____

County of _____, State of _____

7015  0640  0002  0985  3554                              EXHIBIT 2



## U.S. Postal Service
### CERTIFIED MAIL RECEIPT
*Domestic Mail Only*

For delivery information visit our website at www.usps.com®

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

SEP - 7 2017

Postage
$

Total Postage and Fees
$ 7.92

Sent To
UNITED STATES LIABILITY INSURANCE COMPANY
B/S REG AGENT-LISA MANN

Street and Apt. No.
4500 YOAKUM BLVD

City, State, ZIP+4
HOUSTON TX 77006

348-294223-17 DP/LL/CM

PS Form 3800,

7015 0640 0002 0985 3554

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UNITED STATES LIABILITY INSURANCE COMPANY
B/S REG AGENT-LISA MANN
4500 YOAKUM BLVD
HOUSTON TX 77006

348-294223-17 DP/LL/CM

9590 9403 0953 5223 1098 82

2. Article Number (Transfer from service label)

7015 0640 0002 0985 3554

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
J. Daniel                         9/13/17

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

SEP 20

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

---

## CITATION

Cause No. 348-294223-17

5857 PARK VISTA, LLC

VS.

UNITED STATES LIABILITY
INSURANCE COMPANY AND JOEL

ISSUED

This 6th day of September, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        LISA LETBETTER, Deputy

MARC K WHYTE
Attorney for: 5857 PARK VISTA LLC
Phone No. (210)562-2888
ADDRESS: 1045 CHEEVER BLVD STE 103

SAN ANTONIO, TX 78217

*CIVIL LAW*

FILED
TARRANT COUNTY
2017 SEP 20   A 11:54
THOMAS A. WILDER
DISTRICT CLERK

*348294223170000006*

ORIGINAL

EXHIBIT 2

348-294223-17

FILED
TARRANT COUNTY
10/2/2017 2:21 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-294223-17

| | | |
|---|---|---|
| **5857 PARK VISTA, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **348TH JUDICIAL DISTRICT** |
| | § | |
| **UNITED STATES LIABILITY INSURANCE** | § | |
| **COMPANY and JOEL DAHLVIG,** | § | |
| | § | |
| *Defendants.* | § | **TARRANT COUNTY, TEXAS** |

---

### DEFENDANT JOEL DAHLVIG'S ORIGINAL ANSWER
### TO PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

Joel Dahlvig ("Defendant") files this Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court and jury the following:

## I.
## ORIGINAL ANSWER

1.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained within the Plaintiff's Original Petition, and since they are allegations of fact, Plaintiff should be required to prove them by a preponderance of the evidence in accordance with the laws of the state of Texas.

## II.
## CONCLUSION AND PRAYER

2.1     WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by its suit, and for such other further relief to which Defendant may show itself justly entitled.

EXHIBIT 2

Respectfully Submitted,

/s/Daniel P. Buechler
Daniel P. Buechler
State Bar No. 24047756
Alexander G. Blue
State Bar No. 24008993
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email: dbuechler@thompsoncoe.com
        ablue@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
JOEL DAHLVIG**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 2, 2017, I served the following document on counsel via electronic notice and/or facsimile:

Marc K. White
WHYTE PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Facsimile:  (210) 562-2873
mwhyte@whytepllc.com
jsaenz@whytepllc.com

***ATTORNEY FOR PLAINTIFF***

/s/Daniel P. Buechler
Daniel P. Buechler

348-294223-17

FILED
TARRANT COUNTY
10/9/2017 1:52 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-294223-17

| | | |
|---|---|---|
| **5857 PARK VISTA, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **348TH JUDICIAL DISTRICT** |
| | § | |
| **UNITED STATES LIABILITY INSURANCE** | § | |
| **COMPANY and JOEL DAHLVIG,** | § | |
| | § | |
| *Defendants.* | § | **TARRANT COUNTY, TEXAS** |

---

## DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

United States Liability Insurance Company ("Defendant") files this Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court and jury the following:

### I.
### ORIGINAL ANSWER

1.1    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained within the Plaintiff's Original Petition, and since they are allegations of fact, Plaintiff should be required to prove them by a preponderance of the evidence in accordance with the laws of the state of Texas.

### II.
### CONCLUSION AND PRAYER

2.1    WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by its suit, and for such other further relief to which Defendant may show itself justly entitled.

EXHIBIT 2

Respectfully Submitted,


/s/Daniel P. Buechler
Daniel P. Buechler
State Bar No. 24047756
Alexander G. Blue
State Bar No. 24008993
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: dbuechler@thompsoncoe.com
       ablue@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
UNITED STATES LIABILITY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2017, I served the following document on counsel via electronic notice and/or facsimile:

Marc K. Whyte
WHYTE PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Facsimile: (210) 562-2873
mwhyte@whytepllc.com
jsaenz@whytepllc.com

*ATTORNEY FOR PLAINTIFF*


/s/Daniel P. Buechler
Daniel P. Buechler

EXHIBIT 2