U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 7 2017

CLERK, U.S. DISTRICT COURT

By_____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

5857 PARK VISTA, LLC,              §
                                   §
        Plaintiff,                 §
                                   §
VS.                                §   NO. 4:17-CV-818-A
                                   §
UNITED STATES LIABILITY            §
INSURANCE COMPANY, ET AL.,         §
                                   §
        Defendants.                §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to remand filed by

plaintiff, 5857 Park Vista, LLC, in the above-captioned action.

Having considered such motion, the response of defendants, United

States Liability Insurance Company and Joel Dahlvig ("Dahlvig"),

the record, and applicable legal authorities, the court concludes

that such motion should be denied and that plaintiff's claims

against Dahlvig should be dismissed.

I.

Background

Plaintiff initiated this action on August 28, 2017, by the

filing of an original petition in the District Court of Tarrant

County, Texas, 348th Judicial District.  The action arises from a

dispute as to the appropriate amount of insurance coverage for

storm damage to plaintiff's commercial property that was insured

by United States Liability Insurance Company and adjusted by

Dahlvig. On October 11, 2017, defendants filed their notice of removal with the Fort Worth Division of the United States District Court for the Northern District of Texas, asserting subject matter jurisdiction based on diversity of citizenship and alleging that plaintiff improperly joined Dahlvig to avoid federal diversity jurisdiction. On November 15, 2017, plaintiff filed the instant motion to remand, urging that Dahlvig was properly joined as a defendant in the action, that Dahlvig and plaintiff are citizen of the same state such that Dahlvig's presence in the action deprives this court of subject matter jurisdiction, and that remand is therefore required.

## II.

## Applicable Legal Principles

### A. General Principles for Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[1] "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

---

[1] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

"Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

B.    Fraudulent or Improper Joinder

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Because defendants have not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no
> possibility of recovery by the plaintiff against an
> in-state defendant, which stated differently means that
> there is no reasonable basis for the district court to
> predict that the plaintiff might be able to recover
> against an in-state defendant.

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary

3

inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. A Rule 12(b)(6)-type analysis of plaintiff's claims appears to be the proper method here to determine whether there exists a reasonable basis for a conclusion that plaintiff might be able to recover against Dahlvig.

C.    The Pleading Standard to be Used in the Rule 12(b)(6)-Type Analysis

Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 208 (5th Cir. 2016).[2] Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that

---

[2]The court notes that Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule and that Texas courts have interpreted their Rule 91a as requiring a federal Rule 12(b)(6)-type analysis and have relied on federal case law in applying Rule 91a. See, e.g., Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.–Houston [14th Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754-55 (Tex. App.–Beaumont 2014, pet. denied). Thus, the outcome would be the same if the court were to apply the Texas pleading standard.

the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is

entitled to relief.  Id. at 679.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

Rule 9(b) of the Federal Rules of Civil Procedure sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotations and citations omitted).  Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008).  Claims alleging violations of the Texas Insurance Code are subject to the requirements of Rule 9(b).  Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

III.

Analysis

Plaintiff asserts claims against Dahlvig based of Dahlvig's

role as a claims adjuster for United States Liability Insurance

Company, thus joining a long line of cases in which a plaintiff

attempts to join as a defendant an insurance adjuster or other

non-diverse party in an effort to defeat removal jurisdiction.[3]

Plaintiff alleges that Dahlvig "conducted a substandard

investigation and inspection of the property, prepared a report

that failed to include all of the damages that he noted during

the inspection, and undervalued the damages he observed during

the inspection," and that his "unreasonable" and "outcome-

oriented investigation of [p]laintiff's claim . . . resulted in a

biased, unfair and inequitable evaluation of [p]laintiff's losses

on the property." Doc.[4] 4, Ex. 2 at 3, ¶¶ 11-13. Plaintiff

asserts that Dahlvig is liable for violations of §§ 541 and 542

of the Texas Insurance Code. Having reviewed the legal

---

[3] Examples of cases in which the courts ruled that the improper joinder of an insurance adjuster or other representative or employee of an insurance company was improper (fraudulent) are Griggs v. State Farm Lloyds, 181 F.3d 694 (5th Cir. 1999); Fernandez v. Allstate Fire and Casualty Ins. Co., No. 3:15-CV-2689, 2015 WL 6736675 at *4 (N.D. Tex. Nov. 4, 2015); Plascenscia, 2014 U.S. Dist. LEXIS 135081, at *1 (N.D. Tex. Sept. 25, 2014); Okenkpu v. Allstate Tex. Lloyds, No. H-11-2376, 2012 WL 1038679 (S.D. Tex. Mar. 27, 2012). The court does not mean to suggest that there are not court decisions that have held that there was no improper joinder in similar situations. Examples of opinions holding that the joinder was not improper are cited in Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co., No. 4:09-CV-165-A, 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009).

[4] The "Doc. __" reference is to the number of the item on the docket in this action.

authorities applicable to such claims, the court concludes that plaintiff has failed to state a plausible claim for relief against Dahlvig under any of these theories of recovery.

Here, plaintiff fails to provide any facts to support its position that Dahlvig may be held legally responsible for denying the claim or otherwise causing harm to plaintiff. While liability for a violation of § 541 may extend to an adjuster who undertakes a proscribed settlement practice, mere nonpayment by the insurer of a claim cannot, by itself, create liability for the adjuster who handles the claim. Simply reciting the statutory elements for a claim under § 541 fairs no better. Instead, a plaintiff must spell out the who, what, when, where, and how of the purported violations. Plaintiff's conclusory allegations fail to do so.

Plaintiff also asserts liability under § 542. Plaintiff, however, provides no authority to support its position that an adjuster, as opposed to an insurer, is subject to a duty of good faith in the claims resolution process. The court is satisfied that no such authority exists. Compare Tex. Ins. Code Ann. § 542.003 (West) ("An insurer . . . may not engage in an unfair claim settlement practice.") with Tex. Ins. Code Ann. § 541.003 (West) ("A person may not engage . . . in a trade practice that is defined in this chapter as or determined under this chapter to

be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."); see also Messersmith v. Nationwide Mut. Fire Ins. Co., 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014).   Thus, plaintiff's claims against Dahlvig  under § 542 also fail.

Accordingly, the court concludes that plaintiff has failed to state a claim against Dahlvig, that Dahlvig was improperly joined to prevent this court from obtaining jurisdiction over the matter, that Dahlvig's citizenship should be disregarded for purposes of determining whether this court has subject matter jurisdiction over the claims asserted by plaintiff against United States Liability Insurance Company, that Dahlvig should be dismissed from the action, and that plaintiff's motion to remand should be denied.

IV.

Order

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that all claims and causes of action asserted by plaintiff against Dahlvig be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Dahlvig.

The court further ORDERS that from this point forward, the caption of this action be, and is hereby, amended to reflect that United States Liability Insurance Company is the only defendant in the above-captioned action.

SIGNED December 1, 2017.

JOHN McBRYDE
United States District Judge